# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO J. EDWARDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MORENO, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00307-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 11) |

　　　　Plaintiff Roberto J. Edwards ("Plaintiff") is a federal prisoner appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The first amended complaint, filed October 18, 2024, has not yet been screened.  (ECF No. 12.)

　　　　Currently before the Court is Plaintiff's motion for appointment of counsel, filed October 18, 2024.  (ECF No. 11.)  Plaintiff requests legal counsel to assist him with future proceedings. Plaintiff states that he has a 3.0 TABE score in prison and requires a staff assistant for comprehension purposes.  Prison officials cannot help him with legal work and leaves him vulnerable to failure and misunderstanding between Plaintiff and the Court.  (*Id.*)

　　　　Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*

1

*of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners with limited education who must also litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's first amended complaint has not yet been screened to determine whether it states a cognizable claim. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 11), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **October 21, 2024**        /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE