# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO J. EDWARDS, | Case No.: 1:24-cv-00307-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | |
| MORENO, et al., | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM |
| Defendants. | |
| | (ECF No. 12) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Roberto J. Edwards ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 12.)

**I.   Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at Centinela State Prison in Imperial, California. Plaintiff alleges the events in the complaint occurred while he was housed at Corcoran State Prison. Plaintiff names Moreno, correctional officer as the sole defendant. Plaintiff alleges as follows.

In claim 1, Plaintiff alleges a violation of the First Amendment for retaliation and the Fourteenth Amendment for deprivation of property and Equal Protection. Plaintiff alleges that on August 6, 2022, Defendant Moreno violated Plaintiff's rights when she allowed inmates, in the performance of her duties, to eat, destroy, dispose of, and split Plaintiff's property. Plaintiff alleges that this was in retaliation for previous appeals and staff misconduct complaints Plaintiff filed against her, referring to Exhibit A attached to the first amended complaint. While in the performance of her duties, she put in a cell move for an inmate, see Exh. D. This inmate admits that Defendant Moreno and staff neglected to transpack the rest of Plaintiff's property while Plaintiff was in quarantine. Defendant Moreno acted with deliberate indifference in the protection of Plaintiff's property versus that of other inmates by completely and carefully transpacking all their property when they went to quarantine. But when it came to the securing

and protecting Plaintiff's property, she neglected her duties to treat it the same, see Exh. E.  She intentionally deprived Plaintiff of his property in the performance of her duties in retaliation for Plaintiff's previous complaints against her.

As remedies, Plaintiff seeks compensatory and punitive damages.

### III.   Discussion

**Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff attaches approximately 30 pages of exhibits to the complaint.  While "much liberality is allowed in construing pro se complaints, a pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Lam v. California Dep't of Corr. & Rehab.*, No. 1:23-CV-01167 BAM PC, 2023 WL 8701254, at *2 (E.D. Cal. Dec. 15, 2023), report and recommendation adopted, No. 1:23-CV-1167 JLT BAM PC, 2024 WL 201269 (E.D. Cal. Jan. 18, 2024). "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063-PMP-GWF, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011). The Court has reviewed the exhibits but does not search the exhibits for cognizable claims.

**Fourteenth Amendment – Deprivation of Property**

Insofar as Plaintiff also alleges that Defendant Moreno wrongfully destroyed his property,

3

these allegations also are not sufficient to support a cognizable claim. Prisoners have a protected interest in their personal property. *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Quick v. Jones,* 754 F.2d 1521, 1524 (9th Cir. 1985). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533.

Plaintiff contends that Defendant Moreno allowed others to destroy his property. As Defendant Moreno's conduct was an unauthorized deprivation of property, due process is satisfied if there is a meaningful post-deprivation remedy available to Plaintiff. *Id.* Plaintiff has an adequate post-deprivation remedy available under California law. *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). Therefore, Plaintiff fails to allege a cognizable due process claim for the alleged deprivation of his property.

**Fourteenth Amendment – Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, (1985); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702– 03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071,1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601–02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff does not state a cognizable equal protection claim. Plaintiff does not allege that he was discriminated against because of his membership in any protected class. He also does not allege that he was intentionally treated differently than other similarly situated inmates without a

rational relationship to a legitimate state purpose.

**First Amendment - Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watson v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). "[T]he mere threat of harm can be an adverse action...." *Brodheim*, 584 F.3d at 1270. A plaintiff must plead facts showing that their "protected conduct was the substantial or motivating factor behind the defendant's conduct." *Id*. at 1271. To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. *Grenning v. Klemme*, 34 F. Supp. 3d 1144, 1153 (E.D. Wash. 2014).

Adverse action taken against a prisoner "need not be an independent constitutional violation. The mere threat of harm can be an adverse action." *Watson*, 668 F.3d at 1114 (internal citations omitted). A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. *Id.* The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. *Rhodes*, 408 F.3d at 567–68. The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." *Watson*, 668 F.3d at 1114. A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." *Id.*

Plaintiff alleges that Defendant Moreno retaliated against Plaintiff by having Plaintiff's property split up among other inmates, while Plaintiff was in quarantine, in retaliation for Plaintiff filing a grievance against Moreno. Plaintiff fails to allege the facts for each of the

elements of a claim for retaliation against Moreno. Plaintiff fails to allege that any conduct chilled Plaintiff's First Amendment rights or that it did not reasonably advance a legitimate correctional goal. In addition, Plaintiff also fails to allege how Defendant Moreno knew of Plaintiff's grievance

## IV.     Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff's first amended complaint fails to state a cognizable claim for relief.  Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint.  Further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 15, 2024**              /s/ Barbara A. McAuliffe            
                                                                  UNITED STATES MAGISTRATE JUDGE